UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KRYSTA A. DEANS,
Plaintiff,

v. Case No: 6:26-cv-979-JSS-CAB

DISCOUNT AUTO PARTS LLC,

Defendant.

---

**ORDER**

This cause comes before the Court on *pro se* Plaintiff's Motion for Leave to File Electronically through CM/ECF (Doc. 17) (the "Motion"). On review, the Motion will be **DENIED without prejudice**.

The Motion will be denied because Plaintiff has not sufficiently established good cause for electronic filing. *See Hooker v. Wilkie,* No. 8:20-cv-1248-T-02CPT, 2020 WL 6947482, at *1 (M.D. Fla. June 4, 2020) ("[S]uch authorization is typically denied unless the *pro se* party makes a showing of good cause or extenuating circumstances justifying such relief."); *see also Fischer v. Dist. Sch. Bd. of Collier Cnty.*, No. 2:10-cv-512-FtM-29SPC, 2010 WL 3522215, at *1 (M.D. Fla. Sept. 7, 2010). Plaintiff contends that she "plans to relocate from Orlando, Florida, to Honolulu, Hawaii, on or about September 30, 2026." (Doc. 17). Plaintiff further argues that requiring every filing to be mailed after that time "would create substantial expense [and] delay." (*Id.*). Plaintiff

does not specify, however, the additional cost or delay of mailing documents from Hawaii.

Typically, the costs and challenges associated with filing documents through the mail do not suffice to establish good cause for an electronic filing exception. *See Clifft v. Sch. Dist. of Lee Cnty.*, No. 2:25-cv-345-JES-DNF, 2025 WL 3012038, at *2 (M.D. Fla. Oct. 28, 2025), *reconsideration denied*, 2025 WL 3080533 (M.D. Fla. Nov. 4, 2025) (affirming denial of CM/ECF access to pro se litigants, finding that unpredictable delays and mail delivery risks, complexity of the case, and inability to obtain legal counsel did not rise to the level necessary to justify CM/ECF access); *Gerow v. Blackwell*, No. 8:24-cv-2280-KKM-NHA, 2024 WL 4679030, at *1 (M.D. Fla. Nov. 5, 2024) ("Gerow has not shown that his case is out of the ordinary. The reasons he claims that he needs electronic filing—the cost of printing, the cost of postage, the additional time required to file paper documents, and the cost of PACER access—are common to all pro se litigants who file paper documents. If these burdens were enough to justify CM/ECF access, the exception would swallow the rule.").

That said, "the Court in its discretion may grant a pro se party permission to receive electronic notifications." *See Moore v. Adventist Health Sys. Sunbelt Healthcare Corp.*, No. 6:23-cv-1163-PGB-DCI, 2023 WL 4947933, at *1 (M.D. Fla. Aug. 3, 2023). The Court has done so here. (*See* Doc. 18). Plaintiff, who has consented to receive notices of electronic filings in this case, thus will receive notices of court filings as soon as those are completed, and she will not need to wait for notification of such filings through the mail.

It is therefore **ORDERED** that Plaintiff's Motion for Leave to File Electronically through CM/ECF (Doc. 17) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Orlando, Florida on September 17, 2026.

Chauncey A. Bratt
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties